UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————

No. 05-CV-4963 (JFB)

———————

AHPAYAS* YASHAAHLA,

Plaintiff,

VERSUS

M.H.A.N.Y. C/O TARABENIGRO-ATTORNIES
MULHOLLAND & KNAP LLP; JUDGE
BERNADETTE BAYNE, CHIEF NEIL JON FIRETOG, S/C, ,

Defendants.

———————

MEMORANDUM AND ORDER
March 29, 2006

———————

JOSEPH F. BIANCO, District Judge:

Pro se plaintiff Ahpayas*Yashaahla filed the above-captioned case seeking criminal sanctions and $100 million in damages against defendants. The complaint, while not the model of clarity, appears to allege some misconduct and dissatisfaction in a state court action. For example, plaintiff alleges: "A Civil Judgment/Illegal determination was made frivolous against us/me by Judge BERNADETTE BAYNE (15987/04) ON 8/2/05." (Compl. at 1.) The Court grants plaintiff's request to proceed *in forma pauperis*, but dismisses the complaint as set forth below.[1]

I. STANDARD OF REVIEW

The Court shall dismiss a complaint filed *in forma pauperis* if it determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be

---

[1] On March 23, 2006, this case was reassigned to the undersigned. Prior to this reassignment, in an Order, dated March 22, 2006, this case was dismissed for failure to prosecute. Plaintiff had, however, previously requested to proceed *in forma pauperis*, and that request was still pending when the complaint was dismissed. Therefore, the March 22, 2006 order is vacated.

granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis either in law or in fact"; *i.e.*, where it is "based on an indisputably meritless legal theory." *Livingston v. Adirondack Bev. Co.*, 141 F.3d 434, 437 (2d Cir. 1998). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend it. *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000). However, where the Court "can rule out any possibility . . . that an amended complaint could succeed in stating a claim," dismissal is appropriate. *Gomez v. USAA Fed. Sav. Bank.*, 171 F.3d 794, 796 (2d Cir. 1999).

## II. JUDICIAL IMMUNITY

Plaintiff's complaint cannot proceed against Judges Bernadette Bayne and Neil Jon Firetog. Judges have absolute immunity from suit for judicial acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (*per curiam*) ("judicial immunity is an immunity from suit, not just from the ultimate assessment of damages.") (citation omitted). *See also Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Tucker v. Outwater*, 118 F.3d 930, 932-33 (2d Cir.), *cert. denied*, 522 U.S. 997 (1997). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he [or she] took was in error . . . or was in excess of his [or her] authority." *Mireles*, 502 U.S. at 11 (quoting *Stump*, 435 U.S. at 356).

## III. CRIMINAL SANCTIONS

Plaintiff titles this action as a "CRIMINAL COMPLAINT" and asserts jurisdiction under 18 U.S.C. §§ 241 and 242. It is well-settled that plaintiff cannot proceed under the federal criminal statutes. Criminal prosecutions are within the exclusive province of the public prosecutor who has complete discretion over the decision to initiate, continue or cease prosecution. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another"); *see also Leeke v. Timmerman*, 454 U.S. 83 (1981) (inmates alleging beating by prison guards lack standing to challenge prison officials' request to magistrate not to issue arrest warrants); *Lis v. Leahy*, No. CIV-90-834E, 1991 WL 99060, at *1 (W.D.N.Y. June 3, 1991) ("[a] private citizen does not have a constitutional right to initiate or to compel the initiation of criminal proceedings"); *Silverstein v. Barnes*, No. 85 Civ. 8748 (RWS), 1986 WL 4545, at *3 (S.D.N.Y. Apr. 10, 1986) (plaintiff lacks right to interfere with prosecutor's determination to dismiss criminal action).

## IV. *ROOKER-FELDMAN* DOCTRINE

To the extent plaintiff also seeks to overturn a civil judgment entered in state court under Index No. 15987/04, the Court lacks subject matter jurisdiction over plaintiff's complaint pursuant to *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) ("*Rooker-Feldman* doctrine"). The United States District Court has no authority to review final judgments of a state court in judicial proceedings, except for constitutional challenges and reviews pursuant to an application for a writ of habeas corpus.[2] The *Rooker-Feldman* doctrine holds that lower

---

[2] The United States Supreme Court is the only court that may review a state court judgment. 28 U.S.C. § 1257(a); *Hachamovitch v. DeBuono*, 159 F.3d 687, 693 (2d Cir. 1998).

federal courts, such as this Court, may not review state court decisions. *Moccio v. New York State Office of Court Admin.*, 95 F.3d 195, 198 (2d Cir. 1996). Like any challenge to subject matter jurisdiction, a challenge under *Rooker-Feldman* "may be raised at any time by either party or *sua sponte* by the court." *Id.* at 198. This doctrine also prohibits the district court from reviewing claims that are "inextricably intertwined" with a state court's determinations. *Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002). Thus, this Court lacks jurisdiction to consider plaintiff's complaint.

Finally, any attempt by plaintiff to invoke federal jurisdiction by alleging civil rights violations under 42 U.S.C. § 1983, *see* Complaint at ¶ 12, must fail. Plaintiff cannot circumvent the *Rooker-Feldman* doctrine by recasting the claims as a civil rights violation. *Davidson v. Garry*, 956 F. Supp. 265, 268-69 (E.D.N.Y. 1996). Here, plaintiff's claims of civil rights violations arise from the state court proceedings. "The fact that [a] plaintiff alleges that the state court judgment was procured by fraud does not remove his claims from the ambit of *Rooker-Feldman*." *Parra v. Greenpoint Mortgage Co.*, No. 01-CV-2010 (DGT), 2002 WL 32442231, at *2 (E.D.N.Y. Mar. 26, 2002) (quotations omitted). The Court concludes that plaintiff's complaint is an effort to re-litigate rulings made by the state court. As such, this Court lacks subject matter jurisdiction over plaintiff's complaint.

V. CONCLUSION

Accordingly, the complaint, filed *in forma pauperis*, is dismissed in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B), and for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. Fed. R. Civ. P. 12(h)(3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: March 29, 2006
Brooklyn, NY

\* \* \*